**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES A. EKBERG,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF
AGRICULTURE, UNITED STATES
FOREST SERVICE,

      Defendants - Appellees.

No. 96-1331

(D. Colorado)

(D.C. No. 95-WY-2105)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Charles A. Ekberg appeals the district court's dismissal of his pro se action against the United States of America, the Department of Agriculture, and the United States Forest Services. He contends that the district court erred by finding that he lacked standing. We affirm.

Ekberg brought this suit seeking damages for breach of contract and fraud due to the government's failure to complete an exchange of private land for government land. Noting that Ekberg was not the owner of the private land, the district court concluded that he lacked standing to bring the claim. We review the district court's rulings on standing de novo. Mountain Side Mobile Estates Partnership v. Secretary of Housing & Urban Dev., 56 F.3d 1243, 1249 (10th Cir. 1995).

Although Ekberg concedes that he never owned the private land, he asserts that he had a contract interest to purchase it from the true owners (his parents), and he further complains that he expended substantial personal funds when he represented the true owners in trying to effectuate the exchange.[1] However, Ekberg's own affidavit indicates that he represented the true property owners, not as a contract buyer, but pursuant to a power of attorney. R. Vol. I, Tab 22 (Affidavit dated February 12, 1996, at ¶ 2, page 2. Moreover, at the time Ekberg brought this suit, the true owners had transferred the private

[1]As the district court noted, Ekberg's responsive pleadings also indicate that the property owners have refused to sell the property to him, and that, consequently, he has placed a lis pendens against the property. R. Vol. I, Tab 22.

property into two trusts,[2] which had entered into a contract to sell the property to a third party.[3] Id., Tab 15, at Ex. 5.

We have reviewed the entire file and, for substantially the same reasons set forth by the district court in its order of dismissal, id., Tab 33, we AFFIRM.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[2]Ekberg, along with his other siblings, is a contingent beneficiary of the trusts. R. Vol. I, Tab 15, Ex. 2.

[3]Ekberg brought an unsuccessful suit challenging this contract. In the Matter of the Harold M. Ekberg Family Trust and the Secrie L. Ekberg Living Trust, No. 95-1336 (Cir. Ct. S.D. filed Dec. 22, 1995). Appellee's Supp. App. at 89-91.